IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| **CYNTHIA VENEGAS REIS**<br>**AND EDWARD REIS, h/w**<br>3 Castleton Lane<br>Moorestown, NJ 08057<br><br>　　　　　　　　　　*Plaintiffs*<br>　　v.<br><br>**LA FITNESS INTERNATIONAL, LLC**<br>6400 Irvine Boulevard<br>Irvine, CA 92620<br><br>　　　　　　　　　　*Defendant* | : : : : : : : : : : : : : : : | Civil Action No. 1:12-cv-02946-RBK<br><br><br><br><u>**JURY TRIAL DEMANDED**</u> |

## **FIRST AMENDED COMPLAINT**

**AND NOW**, Come Plaintiffs Cynthia Venegas Reis and Edward Reis, h/w ("Plaintiffs" and/or "Mr. and Mrs. Reis"), by and through undersigned counsel, Bochetto & Lentz, P.C. ("B&L"), and aver the following in support of their First Amended Complaint against Defendant:

### **I. THE PARTIES**

1.　Plaintiff Dr. Cynthia Venegas Reis, M.D. ("Mrs. Reis") is an adult individual residing at 3 Castleton Lane, Moorestown, New Jersey 08057. Plaintiff is a citizen of the State of New Jersey.

2.　Plaintiff Edward Reis ("Mr. Reis") is an adult individual residing at 3 Castleton Lane, Moorestown, New Jersey 08057. Mr. Reis is the husband of Mrs. Reis. Plaintiff is a citizen of the State of New Jersey.

3.      Defendant L.A. Fitness International, LLC is a limited liability company formed in California.  Upon information and belief Defendant LA Fitness International, LLC is a citizen of the State of California and incorporated in the State of California with its principal place of business located at 6400 Irvin Boulevard in the State of California. Furthermore, and upon information and believe, its members are citizens of the State of California.

## II.     JURISDITION AND VENUE

4.      Jurisdiction is proper in this district because there is complete diversity of citizenship between Defendant, a citizen of the State of California and incorporated in California and Plaintiffs, citizens of the State of New Jersey, and the amount in controversy exceeds the sum of $100,000.00, exclusive of interest, fees and costs, pursuant to 28 U.S.C. § 1332.

5.      Venue is proper in this district as a substantial number of acts giving rise to this claim occurred in the District of New Jersey pursuant to 28 U.S.C. § 1391.

6.      Defendant L.A. Fitness, LLC, a citizen of the State of California with its principal place of business located in the State of California and operates an L.A. Fitness Sports Club located at 4300 Dearborn Circle, Mount Laurel, New Jersey 08054.  This location was the site where Mrs. Reis' injuries occurred.  Furthermore, and upon information and believe, its members are citizens of the State of California.

## III.    FACTUAL BACKGROUND

7.      Plaintiffs Cynthia Venegas Reis and Edward Reis (collectively "Plaintiffs") are a married couple residing in Moorestown, New Jersey.

8.      Mrs. Reis is the Clinical Director at the City of Philadelphia Department of Public Health, Ambulatory Health Services.

2

9. At the time of the incident, Mrs. Reis was 47 years old and was in good physical health and condition.

10. Mrs. Reis is also the mother of two (2) children ages 11 and 13.

11. On the morning of January 16, 2011, at approximately 6:10 a.m., Mrs. Reis was patronizing the L.A. Fitness Sports Club ("Defendant"), with premises located at 4240 Dearborn Circle, Mount Laurel, New Jersey.

12. At all times material hereto, Defendant was in control of the premises both inside and outside the gym, including but not limited to the sidewalk, parking lot and/or walkways leading to and away from the entrance of the gym.

13. At all times material hereto, Defendant had a duty to maintain the premises in a manner that provided a safe walking path to its customers, that was compliant with New Jersey safety codes, that did not present a risk of injury to anyone using the premises and that adequately warned customers of all risks that were known or reasonably should have been known.

14. Upon arriving at Defendant's gym, Mrs. Reis parked her car behind the gym.

15. In order to gain access to the gym from the parking lot, Mrs. Reis walked in a north-easterly direction on a walkway along the back wall of the gym.

16. At the aforementioned time, date and place, Mrs. Reis was wearing sneakers.

17. As she walked from her car to the entrance of the gym, Mrs. Reis slipped on ice that had accumulated on the walkway behind the gym due to Defendant's negligence as set forth below. (*See* Photographs of Defective Drainage System attached hereto as Exhibit "A.")

18.     At all times material hereto, Defendant knew or should have known that there was a defective downspout that had separated from the sidewalk storm sewer leader.

19.     As a direct result thereof, Mrs. Reis lost her balance and with significant force landed on the ground.

20.     Despite her best efforts to break her fall, Mrs. Reis landed hard on her ankle.

21.     Immediately after falling, Mrs. Reis was in significant pain.

22.     Following the fall, the Defendant was notified of the incident and an employee of Defendant provided an ice pack to reduce the swelling of Mrs. Reis' ankle. (*See* Incident Report, attached hereto as Exhibit "B.")

23.     As the pain did not subside, Mrs. Reis went to the emergency room at Penn Presbyterian Medical Center ("Penn") and arrived at or about 10:40 a.m. on January 16, 2011.

24.     Upon examination by the medical personnel at Penn, her right ankle was severely swollen and she continued to be in severe and significant pain.

25.     Medical personnel at Penn took her for x-rays where they found that she had a right ankle fracture-dislocation. (*See* Mrs. Reis's Ankle X-Rays attached hereto as Exhibit "C.")

26.     On or around January 20, 2011, Mrs. Reis had a right ORIF and ligament repair performed.

27.     As a direct and proximate result of her fall, Mrs. Reis was injured.

28.     Those injuries include but are not limited to the following:

   a. Severe injuries to her ankle, including fracturing of the bone and swelling which required surgery;

   b. Severe pain and suffering;

4

    c. Continuing pain and suffering, including stiffness, limping and an inability to engage in weight-bearing activities for an extended time period;

    d. Emotional and mental distress;

    e. Loss of past and future wages; and

    f. Loss of life's pleasures.

29. As a direct and proximate result, Mrs. Reis has had to undergo medical treatment for these injuries.

30. Mrs. Reis has also had to undergo months of physical therapy treatment in order to rehabilitate her ankle.

31. Furthermore, as a direct and proximate result of these injuries, Mrs. Reis is unable to engage in her normal activities and pleasures for an indefinite period of time, to her great detriment.

32. Currently, Mrs. Reis is still limited in her physical activities due to the injuries sustained in this incident.

33. At all times material hereto, Defendant knew or should have known that water would leak from the defective downspout and would increase the amount of water accumulation on Defendant's gym sidewalk.

34. At all times material hereto, Defendant knew or should have known that this increase in water accumulation would lead to an increase in ice during the cold winter months and should have been prepared to repair the defect or to continually remove the ice.

35. At all times material hereto, Defendant knew or should have known that the presence of ice on a walkway leading from the parking lot to the entrance of the gym was unsafe and would lead to severe injuries.

36. At all times material hereto, Defendant knew or should have known that Mrs. Reis and other patrons of the gym would use the sidewalk to enter and exit the gym.

37. Thus, at all times material hereto, Defendant had a duty to properly maintain their premises, by keeping it clear of ice, in order to avoid injuring all visitors and business invitees.

38. Defendant further had a duty to inform, advise and/or warn all visitors and business invitees of any and all hazards.

39. Defendant knew of the hazard that the defective downspout presented; Defendant had attempted an unsuccessful repair of the downspout as noted by the presence of caulk on the downspout.

40. Defendant breached its duty to protect visitors and business invitees from harm by failing to fix the defective downspout, failing to remove the accumulated ice and failing to warn visitors and business invitees of the hazards the ice presented.

41. As a direct and proximate result of Defendant's negligence, Mrs. Reis was severely injured and incurred damages.

### IV. DAMAGES

42. As a direct and proximate result of her fall, Mrs. Reis sustained injuries.

43. Those injuries include, but are not limited to:

   a. Severe injuries to her ankle, including fracturing of the bone and swelling which required surgery;

    b. Severe pain and suffering;

    c. Continuing pain and suffering, including stiffness, limping and an inability to engage in weight-bearing activities for an extended time period;

    d. Emotional and mental distress;

    e. Loss of past and future wages; and

    f. Loss of life's pleasures and enjoyment.

## COUNT I

### (NEGLIGENCE/PREMISE LIABILITY)

### PLAINTIFF CYNTHIA VENEGAS REIS v. DEFENDANT

44. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein at length.

45. At all times material hereto, the premises where Mrs. Reis was injured were under the care and control of Defendant L.A. Fitness.

46. At all times material hereto, Mrs. Reis was patronizing Defendant's business for the pecuniary benefit of Defendant.

47. At all times material hereto, Defendant knew, should have known, or by the exercise of reasonable care would have discovered the existence of a dangerous defect on the property.

48. At all times material hereto Defendant owed Mrs. Reis a duty of care as a business invitee.

49. Defendant breached the duty owed to Mrs. Reis.

50. The negligence, carelessness and recklessness of Defendant included, but was not limited to the following:

    a. failure to exercise reasonable care to protect Mrs. Reis from the dangers of excessive ice accumulation due to Defendant's negligence;

    b. failure to properly maintain the premises in and around Defendant's gym by removing the ice and fixing the defective downspout that contributed to the excessive ice accumulation that caused Mrs. Reis to fall and break her ankle;

    c. failure to provide an adequate warning to enable Mrs. Reis to protect herself from injury;

    d. failure to reasonably inspect and repair areas in and around Defendant's Gym;

51. As a direct and proximate result of Defendants' negligence, Mrs. Reis suffered the serious injuries set forth above.

**WHEREFORE,** Plaintiff Cynthia Venegas Reis demands judgment in her favor and against Defendant in an amount in excess of One Hundred Thousand Dollars ($100,000.00), plus interest, costs and any other such relief as the court deems just.

## COUNT II

### (NEGLIGENT SUPERVISION)

#### PLAINTIFF CYNTHIA VENEGAS REIS v. DEFENDANT

52. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein at length.

53. Defendant L.A. Fitness owed a duty to Plaintiff Mrs. Reis as a business invitee on its premises.

54. At all times material hereto, Defendant negligently failed to supervise its staff, agents and/or ostensible agents to ensure that the area where Plaintiff was injured was in proper condition, was not a hazard, and, if in disrepair, was properly marked with warnings and repaired in a reasonable time period.

55. As a direct and proximate result of Defendant's negligence, Mrs. Reis suffered the serious injuries set forth above.

**WHEREFORE,** Plaintiff Cynthia Venegas Reis demands judgment in her favor and against Defendant in an amount in excess of One Hundred Thousand Dollars (100,000.00), plus interest, costs and any other such relief as the court deems just.

## COUNT III

## (NEGLIGENCE PURSUANT TO RESTATEMENT OF TORTS § 343)

## PLAINTIFF CYNTHIA VENEGAS REIS v. DEFENDANT

56. Plaintiff incorporates by reference all previous paragraphs as though set forth herein at length.

57. At all times material hereto, Defendant owed Plaintiff Mrs. Reis a duty as a business invitee.

58. Section 343 of the Restatement (Second) of Torts provides as follows:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition of the land if, but only if, he:
> (1) knows or by exercise of reasonable care would discover the condition and should realize that it involves unreasonable risk of harm to such invitees, and

9

  (2) should expect that invitee will not discover or realize the danger, or will fail to protect against it, and

  (3) fails to exercise reasonable care to protect invitee against the condition.

59. At all times material hereto, Defendant knew of the dangerous condition of the accumulation on the back sidewalk leading from the parking area to the entrance of the gym.

60. At all times material hereto, Defendant knew that its condition would involve unreasonable risk of harm to its invitees.

61. At all times material hereto, Defendant knew that invitees would not likely realize the danger and/or would fail to protect against it.

62. Defendant failed to exercise reasonable care to protect Mrs. Reis against the dangerous condition of the premises.

63. As a direct and proximate result of Defendant's conduct, Mrs. Reis sustained serious and significant injuries.

**WHEREFORE,** Plaintiff Cynthia Venegas Reis demands judgment in her favor and against Defendant in an amount in excess of One Hundred Thousand Dollars ($100,000.00), plus interest, costs and any other such relief as the court deems just.

### COUNT IV

### (LOSS OF CONSORTIUM)

### PLAINTIFF EDWARD REIS v. DEFENDANT

64. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein at length.

65. At all time material hereto, Mr. Reis was the lawful spouse of Mrs. Reis.

66. As a direct and proximate result of Defendant's negligence as set forth above in

10

all prior counts, Mr. Reis has substantially lost the consortium and services of his wife, Mrs. Reis.

**WHEREFORE,** Plaintiff Edward Reis demands judgment in his favor and against Defendant in an amount in excess of One Hundred Thousand Dollars ($100,000.00), plus interest, costs and other such relief as the court deems just.

### DEMAND FOR TRIAL BY JURY

Plaintiffs demand trial by a jury of twelve (12) persons on all claims.

Respectfully Submitted,

**BOCHETTO & LENTZ, P.C.**

Dated: June 14, 2012

/s/ Vincent van Laar, Esq.

BY:_____
Gavin P. Lentz, Esquire
Vincent van Laar, Esquire
**BOCHETTO & LENTZ, P.C.**
1230 Brace Road
Cherry Hill, NJ 08034
(856) 722-9595
(856) 427-0631 (fax)
glentz@bochettoandlentz.com
vvanlaar@bochettoandlentz.com

Exhibit "A"



# Exhibit "B"

Case 1:12-cv-02946-RBK   Document 5   Filed 06/14/12   Page 15 of 18 PageID: 39
Case 1:12-cv-02946-RBK   Document 1   Filed 05/17/12   Page 16 of 19 PageID: 16
Incident Report                                                    Page 1 of 2

# INCIDENT REPORT

Fill In Incident Report

## CLUB LOCATION INFORMATION

- Club: MT LAUREL
- Address: 4240 DEARBORN CIRCLE STE 109
- City: MOUNT LAUREL
- State: NEW JERSEY    Zip: 08054

## INJURED PARTY INFORMATION

- Name: Cynthia Reis
- Type: Member
- DOB: 11/27/63
- Gender: Female
- Address: 3 Castleton Lane
- Guest/Member#: f1537713
- City: Moorestown
- State: NEW JERSEY    Zip: 08057
- Occupation: Physician
- Home Phone: 856-778-9918
- Employer: City of Philadelphia Hospital
- Work Phone:

## INCIDENT REPORT

- Incident Date: 1/16/11
- Time Incident Occurred: 9:10 AM
- Incident Location in club: Front Entrance, Outside
- Member Statement: Slipped on ice in back of the gym on the walkway path. Broke right ankle, and tore ligament and tendons. Had to receive surgery.
- Full Description Of Incident: Fell on ice on walkway directly behind gym. Ankle turnt.
- Injured Body Part: Right ankle
- Bleeding Injury? Yes / **No**
- Sprain/Strain? **Yes** / No
- Other Visible Signs? Yes / **No**
- If Yes, Explain: Complete break
- Was Member/Guest Wearing Appropriate Equipment? **Yes** / No
- Please Explain: sneakers

## INCIDENT AREA

- Was Floor Clean? Yes / **No** / N/A
- Debris? Yes / **No** / N/A
- Was Floor Wet? Yes / No / **N/A**
- Wet Floor Signs In Use? Yes / No / **N/A**
- Mats? Yes / No / **N/A**

## EQUIPMENT AREA

- Workout Equipment involved in incident? Yes / **No**
- Manufacturer:
- Description:
- Out of Order sign Posted on Machine? Yes / **No**
- Serial #:
- Suspicious Circumstance? Yes / **No**
- Tag #:
- If Yes, Explain:

## WITNESS INFORMATION

| Full Name | Address | City/State/Zip | Phone | Employee? |
|---|---|---|---|---|
| Swati Kothari | 4 Castleton Lane | Moorestown/NJ/08057 | 856-802-9659 | Yes / **No** |
| Dave Huynh | 301 South Church Street | Moorestown/NJ/08057 | 215-384-4338 | **Yes** / No |
|  |  |  |  | Yes / No |

## PHONE REPORT

- Was Claim Phoned In To Jenkins/Athens? Yes / **No**
- Date:
- Time:          AM / PM
- Phoned In By:
- Reported To:

## SUBMITTER INFORMATION

1/20/2011

. Incident Report

Page 2 of 2

Employee Name: Dave Huynh
Report Date: 01-20-2011 06:13 PM
Title: Operations
Phone: 215-384-4338
For Record only

LogOut

https://pools.lafitness.clubs/LAL_IncidentReport/IR_Template.aspx

1/20/2011

# Exhibit "C"